Reese, J.
delivered the opinion of the court.
Elizabeth Morgan who was the relict of Gideon Morgan, Sen., and the owner of several negroes, of a mercantile establishment, and of valuable real estate, being without any children and of a somewhat advanced age, entered into a treaty of marriage with the defendant, who was a widower, with three children. He is much younger than Mrs. Morgan, and he was without property, and in debt at the period in question. On the day of the marriage Elizabeth Morgan executed a deed, in which she recited that she was about to enter into a marriage, and by which she conveyed all her ne-groes to the complainant in trust to be emancipated at her death, but in the mean time, and during her life, to remain in her possession and under her control; and she reserved power to emancipate them herself during her life. The marriage took effect.
The defendant, the husband, being about to sell the ne-groes in question, or some of them, the complainant has filed this bill to enjoin and restrain him from doing so.
The prayer of the bill is resisted on the part of the defendant, on the ground that the deed was in fraud of his marital rights, and that therefore a court of chancery shall not assist the complainant, or lend its aid and protection to the interests created by said deed. We will, for the present, consider this case as if it were a bill to set aside and cancel the deed to the complainant. The ground upon which relief is given against a disposition of property by the wife pending the treaty of marriage, is, that such'disposition, if made without the knowledge of the husband, disappoints his just expectations. Such relief, therefore, can only be given in those cases where the husband has been kept in ignorance of the transaction up to the moment of the marriage.
If he has been informed of the wife’s disposition of the property, he may on that ground refuse to carry the marriage into effect; if he do not this, but solemnizes the marriage he cannot afterwards set aside the disposition by her made of the property. The general rule to be gathered from all the cases is, that a disposition by the wife of her property after a contract of marriage, and before it has been solemnized, will be *148 fraudulent as against the husband who has been kept ignorant of the transaction. 2 P. W. 674; 2 Bro. C. C. 345; 1 Ves. Jr. 22; 2 Cox, 28; 1 Mylne & Keene, 510; 7 Con. En. Ch. R. 188.
There are exceptions to this rule, where although the intended husband was kept in ignorance of the wife’s disposition of the property, the disposition, nevertheless, has been held good, because the court took into consideration the meritorious object of the conveyance, or the situation of the intended husband in point of pecuniary means. But no case has been shown, or it is believed can be produced, where the intended husband being informed before the marriage, of the disposition of the property by the wife, has been permit-ed to set aside such disposition.
In the case before us, it appears from the answer, that after the execution of the deed, and before the marriage, the defendant was informed by Mrs. Morgan, that she had executed the conveyance, and was fully apprised of its contents. Upon his remonstrating against the arrangement, she said that she had not received the nominal consideration of one dollar mentioned in the deed, and told him that she would not receive it; and he and she were both of opinion that unless it were paid, the deed would not be effectual. Here then is a case in which the husband was fully and truly apprised of what had been done. And if this were a bill by the husband to set aside this disposition of the property as fraudulent against him, we would, upon the authority of the cases on this subject, be constrained to refuse him relief, even without inquiring whether the object of the conveyance be meritorious, and without laying stress upon the situation of the husband in point of pecuniary means.
It is still more clear that we should grant the relief in this bill prayed for. The complainant has the legal title to the negroes in question by virtue of the conveyance; the wife of the defendant has the equitable title for life, and to say nothing of the question of emancipation, the sale and conveying away of the negroes would be destructive of the'equitable title of the wife, who is not even a party to these proceedings.
*149 The decree therefore of the chancellor will be reversed, and the defendant will be enjoined from selling or disposing of the negroes.